UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Robert Quarry Jackson-El,

Petitioner,

vs. MINUTE ORDER

State of Minnesota,

Respondent. Civ. No. 00-2613 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 2nd day of March, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Motion of the Petitioner for the appointment of counsel. The Petitioner appears pro se, and no appearance, on this specific Motion, has been entered on behalf of the Respondent. For reasons which follow, we deny the Motion.

## II. Factual and Procedural History

The Petitioner is a State prisoner, who alleges that his conviction was obtained in violation of his rights under the United States Constitution. In this Motion, he requests an appointment of counsel and, in support of the Motion, he stresses his indigence,

12

FILED MAR 02 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

his incarcerated status, the asserted complexity of the issues raised by his Habeas Petition, and his lack of legal training.

III. Discussion

A. Standard of Review. It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Petitioner, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination by the Court "that the [petitioner] as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also, Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the [petitioner] and the court will substantially benefit from the appointment of counsel * * *").

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Petitioner to investigate the facts and to present his claims, and the existence of conflicting evidence. See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra at 1033; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996);

<u>Edgington v. Missouri Department of Corrections</u>, 52 F.3d 777, 780 (8th Cir. 1995).

B. <u>Legal Analysis</u>. After reviewing these factors, we find the issues to be quintessentially uncomplicated both in their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court will not require the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Petitioner's lack of legal knowledge will present some disadvantage, in terms of the requisite time and effort that may be attendant to the presentation of his claim, but we are without a persuasive showing that the prison authorities have failed to provide him with "adequate law libraries or adequate assistance from persons trained in the law." <u>Bounds v. Smith</u>, 430 U.S. 817, 827-28 (1977); cf., <u>Stanley v. Lockhart</u>, 941 F.2d 707, 710 (8th Cir. 1991).

Accordingly, we deny the Petitioner's Motion for an Appointment of Counsel, but without prejudice to its renewal if circumstances so warrant. Also, in order to alleviate any prejudice caused by the Petitioner's expectation that counsel would be appointed, we grant him an extension, until **May 1, 2001**, in which to respond to the State's request that his Petitioner for a Writ of Habeas Corpus be dismissed.

NOW, THEREFORE, It is --

ORDERED:

1. That the Petitioner's Motion for an Appointment of Counsel [Docket No. 5] is DENIED.

2. That the Petitioner shall have until **May 1, 2001**, in which to respond, should he so choose, to the Respondent's submission to the Court requesting that the Petition for a Writ of Habeas Corpus be denied and the case dismissed.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE